[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 20 March 1992 DATE OF APPLICATION: 20 March 1992 DATE APPLICATION FILED: 20 March 1992 DATE OF DECISION: 25 March 1997
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury at Waterbury, Docket No. CR-4-192338.
Luis Avitabile, Esq., Counsel for the Petitioner.
Susan Serafennim Esq., Counsel for the State of Connecticut.
BY THE DIVISION
The petitioner was convicted by Jury of the crime of Manslaughter 1st Degree in violation of Connecticut General Statutes 53a-55 (a)(1). The court imposed a sentence of twenty years execution suspended after fifteen years with three years probation.
The records show that the Waterbury Police responded to a call of a stabbing. When they arrived they found the victim to be clinically dead from three stab wounds to the body. It was learned that the victim was the petitioner's brother and that they argued over crack cocaine.
At the hearing counsel for the petitioner noted that the victim was his younger brother and that the family's attitude is that the petitioner did not commit the crime and that he should be punished minimally. He noted that the petitioner has a minor criminal history and that he was a working citizen. According to counsel the petitioner had skills as a cook and was contemplating going to school to become a draftsman. Counsel told the panel that the petitioner had secured his GED prior to the crime. Finally counsel argued that the sentence imposed by the court was excessive when considering it was a family member and that the family wanted a minimal sentence. He urged the panel to reduce the sentence to ten years to serve.
The petitioner when he spoke to the panel indicated that he took full responsibility for his brother's death. He noted that he was a productive person with a prior work history and that he deserves a second chance. He guaranteed the panel that if he is given a lesser sentence he would not be back in the criminal justice system.
The state asked the panel to uphold the sentence imposed by the trial court. Counsel noted that the petitioner had prior acts of violence and a criminal history. In argument he pointed out that the petitioner left a good job to become a drug trafficker and that the facts show that he killed his brother when he was trying to retrieve cocaine from him. He asked the court to uphold the sentence as it was imposed. CT Page 4680
The trial court's remarks indicate that he noted that the petitioner was participating in Alcoholics and Narcotics Anonymous. However the court noted that the petitioner expressed no remorse for his brother's death. The court also commented on the petitioner's addiction to narcotics as that being the source of his troubles.
When reviewing the sentence we take into consideration the nature of the offense committed and the character of the petitioner. We also consider the court's need to protect the public from such conduct. In reviewing the sentence imposed we find that it is neither disproportionate or in appropriate in light of the mandates of P.B. 942. THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J
Klaczak, J.